**[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 616.]**

THE STATE OF OHIO, APPELLANT, *v.* HURD, APPELLEE.

[Cite as *State v. Hurd*, 2000-Ohio-2.]

*Securities—Making false representations in regard to registering transactions by description is not the equivalent of making false representations in regard to registering securities by description—Former R.C. 1707.44(B)(1), construed and applied.*

(No. 99-1140—Submitted March 7, 2000—Decided September 13, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 96APA03-326.

———————————

{¶ 1} Appellee, Dwight I. Hurd, provided legal counsel for Dublin Securities, Inc. ("DSI") between 1987 and 1992. During this period, DSI was involved in a scheme that entailed selling worthless or nonexistent shares of stock. To sell any securities, a person is required by the Ohio Securities Act to register the securities with the Division of Securities. In furtherance of the scheme, Hurd registered the stocks to be sold by DSI on Form 6(A)(1) pursuant to R.C. 1707.06(A)(1), which governs the registration of transactions by description. On various 6(A)(1) forms, Hurd claimed that DSI would not be involved in the sale of the securities and that DSI's commission, in connection with the sale, would be limited to three percent. Because the issue is not before us, we will assume that these claims were false representations.

{¶ 2} A jury found Hurd guilty of engaging in a pattern of corrupt activity. R.C. 2923.32. The jury also found Hurd guilty of three counts of violating R.C. 1707.44(B)(1), which prohibits a person from making false representations in the registration of securities by description.

{¶ 3} On appeal, the court of appeals reversed the trial court and ruled that the state had not presented evidence that Hurd made registrations of securities by

description.  R.C. 1707.44(B)(1).  Instead, the appellate court concluded that the evidence presented at trial indicated that the filings with the Division of Securities were registrations of transactions by description.  R.C. 1707.06(A)(1).  The court concluded further that if false representations were made, they were made in regard to registering transactions by description and  that R.C. 1707.44(B)(1) had not been violated.

{¶ 4} The cause is now before this court upon the allowance of a discretionary appeal.

———————————

*Vorys, Sater, Seymour & Pease, L.L.P., Duke W. Thomas, James E. Phillips, David F. Axelrod* and *W. Evan Price II*, for appellant.

*Thompson Hine & Flory, L.L.P.,* and *William C. Wilkinson*; *Synenberg & Marein* and *Roger M. Synenberg*, for appellee.

———————————

**PFEIFER, J.**

{¶ 5} Appellee Hurd was charged with making false representations in regard to registering securities by description.  R.C. 1707.44(B)(1).  The evidence presented at trial established that any false representations that were made were in regard to registering transactions by description.  In its appeal, the state has asked us to determine, for the purposes of imposing criminal liability pursuant to R.C. 1707.44(B)(1), that making false representations in regard to registering transactions by description is the equivalent of making false representations in regard to registering securities by description.  For the reasons that follow, we decline the invitation.

{¶ 6} Former R.C. 1707.44(B) provided:

"No person shall knowingly make or cause to be made any false representation concerning a material and relevant fact, in any oral statement or in

2

any prospectus, circular, description, application, or written statement, for any of the following purposes:

"(1) Complying with sections 1707.01 to 1707.45 of the Revised Code, in regard to registering securities by description." 140 Ohio Laws, Part I, 1145.

{¶ 7} When a statute is plain and unambiguous, as is R.C. 1707.44(B)(1), "there is no occasion for resorting to rules of statutory interpretation." *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413, paragraph five of the syllabus; *Storer Communications, Inc. v. Limbach* (1988), 37 Ohio St.3d 193, 194, 525 N.E.2d 466, 467. Accordingly, despite the state's entreaties, we will not examine "the General Assembly's manifest intent as evidenced by the legislative purpose, the practical consequences of the lower Court's construction, the statute's language, its structure, the absence of any other direct prohibition and the overall statutory scheme." Instead, we will apply the statute as written and conduct no further investigation. *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997-998.

{¶ 8} We are further constrained in interpreting R.C. 1707.44(B)(1) by R.C. 2901.04(A), which states that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." However, "[t]he canon in favor of strict construction of criminal statutes is not an obstinate rule which overrides common sense and evident statutory purpose." *State v. Sway* (1984), 15 Ohio St.3d 112, 115, 15 OBR 265, 268, 472 N.E.2d 1065, 1068.

{¶ 9} For purposes of this appeal, we assume that Hurd made false representations. However much our society and our legal system abhor false representations, our General Assembly has not criminalized all such conduct. It may seem that we are mired in a Borgesian *Labyrinth* or Kafkaesque *Castle*, where there is a wrongdoing and yet no way to punish the perpetrator.

{¶ 10} However, the statute, R.C. 1707.44(B), is clear. The General Assembly differentiates between securities "requiring registration by description," R.C. 1707.05, and transactions "requiring registration," R.C. 1707.06. When confronted with an "evident statutory purpose," we have at times extended the scope of criminal statutes to include analogous conduct. See *Sway*, *supra*; *State v. Warner* (1990), 55 Ohio St.3d 31, 564 N.E.2d 18. Here, however, the General Assembly makes a clear distinction, rendering us unable to determine that securities "requiring registration by description" and transactions "requiring registration" are analogous.

{¶ 11} The General Assembly could have included false representations in regard to transactions by description among the prohibitions of R.C. 1707.44(B) or prohibited all false representations made for the purpose of "[c]omplying with sections 1707.01 to 1707.45 of the Revised Code." R.C. 1707.44(B)(1). The General Assembly did neither, and we will not, we cannot, pretend that it did.

{¶ 12} Unfortunately for the state and all those appalled by the acts committed by various employees of DSI, our review of the record yields the inescapable conclusion that any false representations made by Hurd were not made "in regard to registering securities by description." R.C. 1707.44(B)(1). Accordingly, Hurd cannot be convicted of violating R.C. 1707.44(B)(1). Further, the making of false representations in regard to registering transactions by description, something we assume Hurd to have done, is not "defined as an offense in the Revised Code," R.C. 2901.03(A). Accordingly, Hurd cannot be convicted of making false representations in regard to registering transactions by description.[1] We affirm the judgment of the court of appeals.

---

1. It is possible that Hurd could have been charged with making false representations for the purpose of "selling" securities, R.C. 1707.44(B)(4), making false statements "with purpose to mislead a public official in performing the public official's official function," R.C. 2921.13(A)(3), making false statements "with purpose to secure the issuance by a governmental agency of a license, permit, authorization, certificate, registration, release, or provider agreement," R.C. 2921.13(A)(5), or

*Judgment affirmed.*

MOYER, C.J., DOUGLAS and F.E. SWEENEY, JJ., concur.

RESNICK, COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 13} I respectfully dissent. I believe the majority's construction of R.C. 1707.44(B)(1) results in an illogical conclusion that fails to further the overall purpose of the Securities Act. This opinion, in effect, renders meaningless the requirement in R.C. 1707.08 for an individual to verify by oath the description of transactions for the sale of securities because there is no criminal penalty for failure to comply.

{¶ 14} Ohio's securities laws are designed "to prevent the fraudulent exploitation of the investing public through the sale of securities." *In re Columbus Skyline Securities, Inc.* (1996), 74 Ohio St.3d 495, 498, 660 N.E.2d 427, 429. To that end, the statutory scheme provides for registration of the securities to be sold and civil remedies and criminal penalties for noncompliance.

{¶ 15} The Securities Act provides for registration by description. It may be registration of a particular security itself or, if a series of transactions to sell or distribute securities is planned, then the entire proposed transaction may be registered by description. R.C. 1707.05 and 1707.06. Appellee utilized the latter type by filing a Form 6(A)(1).

{¶ 16} R.C. 1707.08 describes the process for registration by description, whether it be of a security as set forth in R.C. 1707.05 or of a transaction in R.C. 1707.06. The process in R.C. 1707.08 makes no differentiation between the two types. Both require a "description, verified either by the oath of the person filing it or of any person having knowledge of the facts."

---

making false statements "in writing on or in connection with a report or return [which] is required or authorized by law," R.C. 2921.13(A)(7).

**{¶ 17}** Appellee was accused of making false representations on the Form 6(A)(1) filings that he prepared. He was charged under R.C. 1707.44(B)(1), which, at the time of the indictment, prohibited a person from knowingly making false representations concerning a material and relevant fact for the purpose of "complying with sections 1707.01 to 1707.45 of the Revised Code, in regard to *registering securities by description*."[2] (Emphasis added.) Because the section used the word "securities" and did not also use the word "transaction," appellee argues that he cannot be convicted under this section. A majority of this court agrees. As a result, the majority concludes that Ohio's securities laws intended to prohibit false representations by those who register a security by description; however, there is no proscription against making false representations when registering an entire transaction to sell securities. By narrowly focusing on the phrase "registering securities by description," the majority completely eliminates from R.C. Chapter 1707 any prohibition against making false representations that are material and relevant when registering an entire transaction for the sale of securities.

**{¶ 18}** On more than one occasion, this court has relied on the maxim that "strict construction of criminal statutes is not an obstinate rule which overrides common sense and evident statutory purpose." *State v. Warner* (1990), 55 Ohio St.3d 31, 62, 564 N.E.2d 18, 47; *State v. Sway* (1984), 15 Ohio St.3d 112, 116, 15 OBR 265, 268, 472 N.E.2d 1065, 1068. The canon in favor of strict construction "is satisfied if the statutory language is given fair meaning in accord with the manifest intent of the General Assembly." *Id.* Instead, the majority here has decided to forgo the fair meaning of the statute that furthers the overall intent and objectives of the Securities Act. The majority has reached an impractical, illogical result that is contrary to the public policy behind the Act.

---

2. R.C. 1707.44(B)(1) has been amended to read: Complying with this chapter, in regard to registering securities by description.

{¶ 19} Instead of looking at the phrase "registering securities by description" as a term of art that exclusively means only those securities as described in R.C. 1707.05, the majority should apply the phrase to all registrations by description. A "transaction," as that term in used in R.C. 1707.06, is a transaction or a series of transactions, *to sell securities*. There is no need to do a comparison to find that the terms are analogous as this court did in *Sway* or *Warner*. Both the registration of a security in R.C. 1707.05 and the registration of a transaction in R.C. 1707.06 involve the registering by description of *securities* that are intended to be sold to the public.

{¶ 20} The anti-fraud provisions of the Securities Act must be liberally construed. *Columbus Skyline Securities*, 74 Ohio St.3d at 498, 660 N.E.2d at 429. The inclusion in R.C. 1707.44(B)(1) of the phrase "complying with sections 1707.01 to 1707.45 of the Revised Code" must not be ignored. Had the General Assembly intended for R.C. 1707.44(B)(1) to apply exclusively to those securities described in R.C. 1707.06, this would have been expressly set forth in the statute. Instead, the broad scope of the phrase indicates that it applies to all securities registered by description, whether it be a security in R.C. 1707.05, or a transaction to sell securities in R.C. 1707.06.

{¶ 21} Appellee cries due-process violation on the basis that he has been charged with violating R.C. 1707.44(B)(1), yet the statute does not mention the activity in which he engaged, *i.e.*, registering transactions by description. How absurd that an experienced attorney, practicing in the area of securities, would believe that the law prohibits lying on a registration form that registers securities by description, but would believe there is no prohibition against lying on a form to register a transaction of sales by description. The law requires registration in some manner, unless a security is exempt from registration, and it is illegal to lie about a material and relevant fact when registering or selling those securities. Appellee knew this. His due-process concerns lack merit.

**{¶ 22}** R.C. 1707.44(B)(1) applies to all registrations by description, whether it be a security, or a transaction to sell securities. The underlying premise of registration by description is registration of the securities to be sold. Despite its narrowly focused analysis to the contrary, even the majority acknowledges that appellee registered securities. The majority states in its first paragraph that "Hurd registered the stocks to be sold by DSI on Form 6(A)(1)."

**{¶ 23}** Consequently, I dissent and would reverse the judgment of the court of appeals.

RESNICK and COOK, JJ., concur in the foregoing dissenting opinion.

_____