**The STATE of Ohio [Village of Spencer], Appellant,**

**v.**

**WHEELING & LAKE ERIE RAILWAY COMPANY, Appellee.**

[Cite as *State v. Wheeling & Lake Erie Ry. Co.* (2000), 139 Ohio App.3d 271.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2988–M.

Decided Nov. 22, 2000.

*Gregory A. Huber*, for appellant.

*Sheila A. McKeon*, for appellee.

CARR, Judge.

Appellant, the state of Ohio, appeals from the decision of the Medina Municipal Court granting a motion to dismiss filed by appellee Wheeling & Lake Erie Railway Company on the basis of federal preemption. This court reverses.

The village of Spencer has two state highways that intersect in its center, State Routes 162 and 301. There are two railroad tracks north of this intersection, and appellee operates trains on these tracks. On August 11, 1998, a police officer for the village of Spencer observed a train operated by appellee stopped on one of these tracks, blocking traffic. He observed the train stopped at 3:47 p.m. until 3:50 p.m. At 3:50 p.m., the train began moving, and cleared the crossing at 3:56 p.m. Traffic was prevented from moving north or south for at least nine minutes.

The police officer charged appellee with a violation of Spencer Village Ordinance 654.01(a), which is identical to R.C. 5589.21.[1] Appellee filed a motion to

---

1. Although appellee was initially charged with a violation of Spencer Village Ordinance 654.01(a), the trial court granted the village leave to amend its complaint to allege a violation of R.C. 5589.21. Consequently, the village of Spencer replaced the state of Ohio as plaintiff.

dismiss the complaint, alleging that R.C. 5589.21 was preempted by federal law and therefore unenforceable. The trial court granted this motion and dismissed appellant's complaint.

Appellant raises two assignments of error in relation to this dismissal.

## Assignment of Error I

"The trial court erred in determining that [R.C.] 5589.21 relates to an area of railroad safety and erred in determining that the subject matter of the Ohio statute is one in which the federal government has legislated or adopted regulations."

In its first assignment of error, the state argues the trial court erred in determining that R.C. 5589.21 is preempted under federal law. This court agrees.

Under Section 20106, Title 49, U.S.Code, "[a] State may adopt or continue in force a law, regulation, or order related to railroad safety until the Secretary of Transportation prescribes a regulation or issues an order covering the subject matter of the State requirement."

"The key question in any preemption analysis is whether Congress intended for state law to be superseded by federal law." *In re Miamisburg Train Derailment Litigation* (1994), 68 Ohio St.3d 255, 260, 626 N.E.2d 85, 89–90. This inquiry must begin with the presumption against preemption. *CSX Trans., Inc. v. Easterwood* (1993), 507 U.S. 658, 668, 113 S.Ct. 1732, 1741–1742, 123 L.Ed.2d 387, 399. Preemption will not lie unless it is "the clear and manifest purpose of Congress." *Rice v. Santa Elevator Corp.* (1947), 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447, 1459, citing *Napier v. Atlantic Coast Line RR. Co.*, 272 U.S. 605, 611, 47 S.Ct. 207, 209, 71 L.Ed. 432, 438, and *Allen–Bradley Local No. 1111 v. Wisconsin Emp. Rel. Bd.*, 315 U.S. 740, 749, 62 S.Ct. 820, 825, 86 L.Ed. 1154, 1164–1165.

R.C. 5589.21 provides:

"No railroad company shall obstruct, or permit or cause to be obstructed a public street, road, or highway, by permitting a railroad car, locomotive, or other obstruction to remain upon or across it for longer than five minutes, to the hindrance or inconvenience of travelers or a person passing along or upon such street, road, or highway. No railroad company shall fail, at the end of each five minute period of obstruction of a public street, road, or highway, to cause such railroad car, locomotive, or other obstruction to be removed for sufficient time, not less than three minutes, to allow the passage of persons and vehicles waiting to cross.

"This section does not apply to obstruction of a public street, road, or highway by a continuously moving through train or caused by circumstances wholly beyond the control of the railroad company, but does apply to other obstructions, including without limitation those caused by stopped trains and trains engaged in switching, loading, or unloading operations."

In essence, R.C. 5589.21 governs the length of time a stopped train can block a roadway. Neither the trial court nor appellee has indicated any federal regulation governing this issue, let alone demonstrated the "clear and manifest purpose of Congress" to preempt local regulations on how long a stopped train can block an intersection.

This court has reviewed this issue previously in *State v. Chessie Sys. RR.* (Jan. 3, 1990), Wayne App. No. 2494, unreported, 1990 WL 1209, and specifically held that R.C. 5589.21 is not preempted under federal law. In *Chessie*, this court determined that there is "no explicit or implicit preemption of the subject matter of R.C. 5589.21." Congress has not evidenced any contrary intention since *Chessie*.

Accordingly, appellant's first assignment of error is sustained.

## Assignment of Error II

"The trial court erred in determining that the 'local safety hazard' obstruction does not apply to prevent preemption of [R.C.] 5589.21."

Appellant's second assignment of error claims that the trial court erred in dismissing its complaint because "the local safety hazard" excepts R.C. 5589.21 from being preempted.

This court need not address this issue, as we have previously found that R.C. 5589.21 is not preempted under federal law. Therefore, there is no reason to examine any exceptions to preemption.

*Judgment reversed.*

SLABY, P.J., and WHITMORE, J., concur.