This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Wheeling Lake Erie Railway Co. ("Wheeling"), appeals from the judgment of the Medina Municipal Court, finding it guilty of obstruction of roads by railroads, in violation of R.C. 5589.21, and imposing a fine of $100 and costs. This Court reverses.
 I.
The facts in this case are not disputed. On August 11, 1998, Village of Spencer police officer Patrolman Eugene Rice was stopped by a train heading westbound on the Wheeling tracks near the intersection of state routes 162 and 301 in Spencer Village. Patrolman Rice observed the train come to a stop at 3:47 p.m., where it stood idle for three minutes. The train began moving again at 3:50 p.m., and another six minutes elapsed before the train cleared the railroad crossing where Patrolman Rice waited. Patrolman Rice estimated that the train "backed traffic up approximately 6 to 800 feet [to the north]. To the south * * * it backed traffic up approximately 4 to 600 feet." The train obstructed the railroad crossing for nine (9) minutes.
The same day, the Village of Spencer issued a citation to Wheeling for violation of village ordinance No. 654.01(A), obstructing streets with railroad cars. The charge was later amended to a violation of R.C. 5589.21, obstruction of roads by railroads.
The trial court held a hearing on October 14, 1998. The trial court subsequently found that R.C. 5589.21 was preempted by federal law and dismissed the action. The state appealed and this Court reversed. Statev. Wheeling Lake Erie Ry. Co. (2000), 139 Ohio App.3d 271.
Upon remand, the trial court found Wheeling guilty and imposed a fine of $100 and court costs. Wheeling timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FINDING THE WHEELING LAKE ERIE RAILWAY COMPANY GUILTY OF VIOLATING OHIO REVISED CODE § 5589.21.
In its sole assignment of error, Wheeling asserts that the trial court misapplied R.C. 5589.21 when it found Wheeling guilty. This Court agrees.
This Court reviews a trial court's interpretation and application of a statute on a de novo basis because it presents us with a question of law. See State v. Frazier (2001), 142 Ohio App.3d 718, 721, citing Statev. Sufronko (1995), 105 Ohio App.3d 504, 506. Upon review, an appellate court does not give deference to the trial court's determination. Id. R.C. 5589.21 provides:
 (A) No railroad company shall obstruct, or permit or cause to be obstructed a public street, road, or highway, by permitting a railroad car, locomotive, or other obstruction to remain upon or across it for longer than five minutes, to the hindrance or inconvenience of travelers or a person passing along or upon such street, road, or highway.
* * *
 (C) This section does not apply to obstruction of a public street, road, or highway by a continuously moving through train or caused by circumstances wholly beyond the control of the railroad company, but does apply to other obstructions, including without limitation those caused by stopped trains and trains engaged in switching, loading, or unloading operations.
R.C. 5589.21. This Court is asked to construe the above statute to determine whether Wheeling's actions violated its terms.
When a statute's language is plain and unambiguous, this Court applies the statute as written and makes no further inquiry either into the legislative intent or the consequences of the trial court's construction. State v. Hurd (2000), 89 Ohio St.3d 616, 618. However, this Court is bound by the rule that courts strictly construe statutory sections defining an offense or penalty against the state and liberally construe such sections in favor of the accused. R.C. 2901.04(A). Furthermore, any such statute or ordinance cannot be extended by construction to persons or things not falling within its terms, although they may appear to be within the reason and spirit of the statute. PepperPike v. Landskroner (1977), 53 Ohio App.2d 63, 76. These rules of statutory construction apply to misdemeanors as well as felonies. Akronv. Medford (July 18, 2001), Summit App. No. 20352, unreported.
Wheeling argues that the stopped train blocked the crossing for only three minutes. During the remaining period of time, the train was continuously moving and therefore outside the range of activities prohibited by the statute. The state maintains that a Wheeling train blocked traffic for a period of at least nine minutes in violation of the statute. The state further argues that because the train was stopped for three of those nine minutes, it was not a continuously moving through train, and therefore, the section in the statute exempting continuously moving through trains does not apply. The state urges this Court to interpret the statute in question in a way that would subject a railroad to penalties anytime a train stopped and subsequently blocked a public road for more than five minutes, without regard to the length of time the train was stationary. This we decline to do.
The language of R.C. 5589.21 is clear. A railroad is in violation of R.C. 5589.21 when it obstructs a public street for more than five minutes. The statute exempts obstructions caused by continuously moving trains and those caused by circumstances wholly beyond the railroad's control. Therefore, to amount to a violation of this statute, the train must be stationary and obstructing a public road for more than five minutes. In this case, the testimony establishes that the train was stationary for three minutes. The amount of time that elapsed from the time the train began moving again until it cleared the crossing, and thus allowed traffic to pass, is irrelevant and takes this conduct beyond the reach of the statute.
The facts of this case do not amount to a violation of R.C. 5589.21. Therefore, the trial court erred in its application of the law when it found Wheeling guilty of obstruction of roads by railroads. Wheeling's assignment of error is sustained.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
SLABY, P.J., BAIRD, J. CONCUR.