This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Felicia Gilcreast-Hill, appeals from the decision of the Summit County Court of Common Pleas, which granted the motion for summary judgment of Appellee, Ohio Farmers Insurance Co. We affirm.
 I.
{¶ 2} On January 26, 2001, Appellant was operating her motor vehicle in Akron, Ohio, when she was struck by Krista Benedum, who failed to stop at a red traffic light.[1] Benedum was insured by American Select Insurance Co., carrying automobile liability insurance limits of $25,000 per person. At the time of the accident, Appellant was employed by WHLS of Ohio, Inc., which contracted with Ohio Farmers for a commercial general liability ("CGL") insurance policy with a general aggregate limit of two million dollars. It is undisputed that, at the time of the accident, Appellant was on personal business and was not acting within the course and scope of her employment with WHLS.
{¶ 3} Appellant brought a declaratory judgment action in the Summit County Court of Common Pleas, seeking underinsured motorist benefits. Appellant specifically sought a declaration that her employer's CGL policy with Ohio Farmers is an automobile liability insurance policy subject to R.C. 3937.18, which requires an insurer who issues a motor vehicle liability policy to offer uninsured/underinsured motorists (UM/UIM) coverage. Appellant argues that because there was no such offer in this case, UM/UIM coverage is imposed by operation of law in an amount equal to the liability coverage of the policy.
{¶ 4} Ohio Farmers filed a motion for summary judgment, asserting that the policy in question does not satisfy the definition of an automobile liability or motor vehicle liability policy of insurance because there are no specifically identified vehicles in the policy. The trial court granted Ohio Farmers' motion for summary judgment, finding that the policy did not "identify a single individual automobile for which UM/UIM is applicable for employees or automobiles outside of the scope of employment." The court further found that the policy "did not serve as proof of financial responsibility for [Appellant] and therefore no requirement to offer UM/UIM arises under the policy." This appeal followed.
 II. Assignment of Error {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT IN FINDING THAT THE COMMERCIAL GENERAL LIABILITY POLICY IS NOT A MOTOR VEHICLE LIABILITY POLICY OF INSURANCE AS DEFINED BY OHIO R.C. 3937.18(L)(1)."
{¶ 6} In her sole assignment of error, Appellant asserts that the trial court erred when it determined that the Ohio Farmers CGL policy was not a motor vehicle liability policy pursuant to R.C. 3937.18. Appellant argues that the policy is a motor vehicle liability policy and that, pursuant to R.C. 3937.18, UM/UIM coverage must be offered with such policy or UM/UIM coverage is imposed by operation of law.
{¶ 7} We begin by noting that we review an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
{¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 {¶ 9} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
{¶ 11} The facts of this case relevant to the appeal are undisputed. The question before us is purely a question of law, whether Ohio Farmers was required to offer UM/UIM coverage to its insured in conjunction with this policy pursuant to R.C. 3937.18.
{¶ 12} When a statute's language is plain and unambiguous, this Court applies the statute as written and makes no further inquiry either into the legislative intent or the consequences of the trial court's construction. State v. Hurd (2000), 89 Ohio St.3d 616, 618. A statute cannot be extended by construction to persons or things not falling within its terms, although they may appear to be within the reason and spirit of the statute. Pepper Pike v. Landskroner (1977), 53 Ohio App.2d 63,76.
{¶ 13} "For the purposes of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins.Group of Cos. (1998), 82 Ohio St.3d 281, syllabus. The accident in this case occurred on January 26, 2001. Ohio Farmers issued this policy on August 1, 2000, and the policy was in effect for a period of one year. Therefore, we must examine the version of R.C. 3937.18 that was in effect on August 1, 2000.
{¶ 14} R.C. 3937.18 has been amended multiple times over the past few years, notably on October 31, 2001, September 21, 2000, November 2, 1999, September 3, 1997, and October 20, 1994. The version, as amended by H.B. 261 effective September 3, 1997 and by S.B. 57, effective November 2, 1999, applies to the case at bar. That version provides, in pertinent part:
 {¶ 15} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless [UM/UIM coverages] are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds[.]"
{¶ 16} Pursuant to R.C. 3937.18, Ohio Farmers was required to offer UM/UIM coverage only if the policy in question was an automobile or motor vehicle liability policy. The version of R.C. 3937.18 applicable to this claim defined an "automobile liability or motor vehicle liability policy of insurance" as:
 {¶ 17} "Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance[.]" R.C. 3937.18(L)(1).[2]
{¶ 18} Proof of financial responsibility, as defined in R.C.4509.01, means "proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle[.]" R.C. 4509.01(K).
{¶ 19} Thus, to be considered an automobile liability or motor vehicle liability insurance policy, the policy must serve as proof of financial responsibility for owners or operators of the motor vehiclesspecifically identified in the policy. See Uzhca v. Derham (Apr. 5, 2002), 2d Dist. No. 19106; Devore v. Richmond, 6th Dist. No. WD-01-044,2002 Ohio 3965, at ¶ 47; Pickett v. Ohio Farmers Ins. Co. (Jan. 14, 2002), 5th Dist. Nos. 2001CA00227, 2001CA00236, appeal allowed (2002),95 Ohio St.3d 1473.
{¶ 20} The CGL policy in question excludes coverage for "`Bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, `auto' or watercraft owned or operated by or rented or loaned to any insured." The policy provides that this exclusion does not apply to "[p]arking an `auto' on, or on the ways next to, premises you own or rent, provided the `auto' is not owned by or rented or loaned to you or the insured[.]"
{¶ 21} Appellant argues that the "parking exception" to the policy's exclusion extends liability coverage to the specified categories of autos, namely, autos that are "non-owned, non-rented, or non-loaned." Appellant relies on Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541, for the proposition that, by specifically providing coverage for autos which are parked and are not owned, rented, or loaned by the insured, the policy issued by Ohio Farmers is an automobile or motor vehicle liability policy pursuant to R.C. 3937.18. We find Appellant's reliance on Selander
to be misplaced.
{¶ 22} In Selander, the Ohio Supreme Court construed a general business liability policy that excluded coverage for liability arising from the use of automobiles, but provided liability insurance for claims arising from the use of non-owned or hired automobiles that were used in the insured's business. The Ohio Supreme Court held that a policy that provides liability coverage for non-owned and hired motor vehicles is sufficient to satisfy the requirements of R.C. 3937.18. Id. at 544-545. The Court explained, "Under R.C. 3937.18, uninsured/underinsured coverage arises even though a liability policy refers only to `hired' or `non-owned' automobiles and fails to identify specific vehicles." Id. at 544. However, Selander applied an earlier version of R.C. 3937.18, one which predated the enactment of H.B. 261. See id. at 546, fn. 1. H.B. 261 amended R.C. 3937.18 to include a definition for an "automobile liability or motor vehicle liability policy of insurance." "R.C. 3937.18(L)(1) significantly narrows the scope of policies that must include uninsured and underinsured motorist coverage when compared with the [Ohio Supreme Court's] interpretation of the previous version of the statute." Jump v.Nationwide Mut. Ins. Co. (Nov. 2, 2001), 2d Dist. No. 18880, appeal not allowed (2002), 94 Ohio St.3d 1491.
{¶ 23} Appellant also relies on Davis v. State Farm Fire and Cas.Co. (Dec. 18, 2001), 10th Dist. No. 00AP-1458. In Davis, the Tenth District Court of Appeals construed a homeowner's insurance policy that excluded coverage for bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of motor vehicles owned or operated by, or rented or loaned to any insured. However, the exclusion did not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by the insured. The court found that "the policy specifically [identified] motor vehicles owned or operated by or rented or loaned to appellant as being covered under the exception to the exclusion applying to residence employees." Id. The court reasoned, "We do not believe, by using the word `specified,' that the legislature intended to require makes, models and serial numbers." Id. We do not find the reasoning in Davis to be persuasive.
{¶ 24} Although this is an issue of first impression for this Court, other Ohio Courts of Appeal have analyzed policies with "parking exceptions" to policy exclusions similar to the "parking exception" in the Ohio Farmers policy in this case. See Uzhca v. Derham (Apr. 5, 2002), 2d Dist. No. 19106; Devore v. Richmond, 6th Dist. No. WD-01-044,2002 Ohio 3965.
{¶ 25} In Uzhca, the Second District stated:
 {¶ 26} "The very language of the policy makes clear that it is not designed to provide proof of financial responsibility for any automobile. It excludes liability coverage for automobiles, and the exception to that exclusion specifies that it only covers parking of automobiles on the insured's property if those automobiles are not owned by the insured. Furthermore, the policy does not provide liability insurance with respect to any vehicles `specifically identified in the policy of insurance' as required by R.C. 3937.18(L)(1)." Uzhca, supra.
{¶ 27} The court held that, accordingly, the policy did not serve as proof of financial responsibility for owners or operators of motor vehicles specifically identified in the policy. Id. See, also, Devore, at ¶ 44-47.
{¶ 28} We find Uzhca and Devore to be persuasive. The phrase "not owned by or rented or loaned to you or the insured" does not "specifically identify" autos pursuant to the definition of automobile or motor vehicle liability. The policy cannot serve as proof of financial responsibility for "owners or operators of the motor vehiclesspecifically identified in the policy," if the policy does not specifically identify any motor vehicles. Accordingly, Ohio Farmers' CGL policy is not one which "serves as proof of financial responsibility * * * for owners or operators of the motor vehicles specifically identified in the policy of insurance" and cannot, therefore, be an automobile or motor vehicle liability policy pursuant to R.C. 3937.18.
{¶ 29} As the policy is not an automobile or motor vehicle liability policy, Ohio Farmers was not required to offer UM/UIM coverage. Consequently, the trial court did not err in granting summary judgment to Ohio Farmers. Appellant's assignment of error is overruled.
 III.
{¶ 30} Having overruled Appellant's sole assignment of error, we affirm the judgment of the Summit County Court of Common Pleas.
SLABY, P.J., WHITMORE, J. CONCUR.
[1] Benedum was not a party to the declaratory judgment action, nor is she a party to the appeal.
[2] Although not relevant to this appeal, R.C. 3937.18(L)(2) provides an alternative definition of an automobile or motor vehicle liability policy of insurance as "[a]ny umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section."