This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} The State of Ohio ("State") appeals the decision of the Wayne County Court of Common Pleas, which granted the motion to suppress of the defendant, William E. Miller ("Miller"). For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.
 I.
{¶ 2} In 2001, the Medway Drug Enforcement Agency was investigating Miller for the illegal production and sale of methamphetamine. On July 26, 2001, Lt. Steve Glick of the Wooster Police Department advised Patrolman Matthew Fisher that Miller was in his vehicle and was believed to be carrying methamphetamine. Lt. Glick told Ptl. Fisher to try to develop probable cause to stop Miller in his vehicle. Ptl. Fisher observed Miller's vehicle and began following him in a police cruiser. Ptl. Fisher believed that the vehicle had a loud exhaust, in violation of Wooster Codified Ordinance 337.20. Ptl. Fisher proceeded to activate his overhead lights and siren and pulled Miller over.
{¶ 3} Upon approaching Miller's vehicle, Ptl. Fisher observed an open container of alcohol. Ptl. Fisher then brought his drug-sniffing canine, "Ringo," over to the vehicle. Ptl. Fisher testified that Ringo alerted to the odor of illegal drugs at the vehicle's front driver's side door. Ptl. Fisher conducted a search of Miller's vehicle, finding drug paraphernalia, methamphetamine oil, methamphetamine, and syringes.
{¶ 4} On August 22, 2001, the Wayne County Grand Jury returned a two-count indictment, charging Miller with one count of illegal manufacture of drugs, in violation of R.C. 2925.04(A), and one count of aggravated possession of drugs, in violation of R.C. 2925.11. Miller filed a motion to suppress the evidence obtained in the search of vehicle, arguing that the officer had no probable cause to stop the vehicle. A hearing was held before the trial court on March 14, 2002. The court granted the motion to suppress, finding that Ptl. Fisher lacked probable cause to stop the vehicle for a violation of Wooster Codified Ordinance 337.20. Consequently, the State was unable to prosecute the aggravated possession of drugs charge.[1] This appeal followed.
 II. Assignment of Error
{¶ 5} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AS THERE WAS PROBABLE CAUSE FOR THE OFFICER TO MAKE A TRAFFIC STOP ON DEFENDANT'S VEHICLE."
{¶ 6} In its sole assignment of error, the State asserts that the trial court erred in granting Miller's motion to suppress. The State argues that the trial court misinterpreted the law and that the trial court erroneously found that the officer lacked probable cause for the traffic stop.
{¶ 7} We begin by noting that appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 328, 332. The determination of whether a police officer had probable cause for a traffic stop is reviewed de novo. State v. Bing (1999),134 Ohio App.3d 444, 448, citing Ornelas v. U.S. (1996), 517 U.S. 690,699, 134 L.Ed.2d 911. However, we give due deference to the trial court's factual findings, accepting the findings if they are supported by competent, credible evidence. State v. Fitzgerald, 9th Dist. No. 20866, 2002-Ohio-4523, at ¶ 6. See, also, State v. Amos (Oct. 31, 2001), 9th Dist. No. 01CA0029, at 3, citing State v. Searls (1997),118 Ohio App.3d 739, 741. The trial court assumes the role of the trier of fact when ruling on a motion to suppress and is therefore is in the best position to resolve factual questions and evaluate credibility of the witnesses. State v. Russell (1998), 127 Ohio App.3d 414, 416.
{¶ 8} The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution prohibit unreasonable searches and seizures. State v. Kinney (1998), 83 Ohio St.3d 85, 87. Although the Fourth Amendment does not explicitly provide that violations of its provisions will result in suppression of evidence obtained as a result of the violation, the United States Supreme Court has held that the exclusion of that evidence is an essential part of theFourth Amendment. See Mapp v. Ohio (1961), 367 U.S. 643.
{¶ 9} A traffic stop constitutes a seizure within the meaning of the Fourth Amendment. Whren v. U.S. (1996), 517 U.S. 806, 809-810,135 L.Ed.2d 89. When a law enforcement officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment "even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Daytonv. Erickson (1996), 76 Ohio St.3d 3, syllabus.
{¶ 10} Ptl. Fisher testified that he stopped Miller for a loud exhaust. He stated that he clearly heard the exhaust of Miller's vehicle from a distance of three-to-four car lengths. He further testified that the exhaust could be heard over the noise of the traffic.
{¶ 11} In granting the motion to suppress, the trial court stated:
{¶ 12} "In this case, the testimony shows that the stop was for a violation of 337.20, the officer felt he had probable cause based on the noise that he heard. That ordinance provides that a motor vehicle with an internal combustion engine shall at all times be equipped with a muffler which is in good working order and in constant operation to prevent excessive or unusual noise. The crux of the violation under this statute is that you, you're in violation if your car doesn't have a mufflerthat's in good working order and in constant operation. The evidence in this case shows without dispute I think that this did have a muffler. In fact the car was old and pretty rough underneath but it's obvious from the pictures that the muffler was newer than the rest of it. The testimony was that it was in good working order and based on that I don't think there was probable cause to stop it for a violation of that particular section[.]" (Emphasis added.)
{¶ 13} Wooster Codified Ordinance 337.20 provides:
{¶ 14} "Every motor vehicle and motorcycle with an internal combustion engine shall at all times be equipped with a muffler which is in good working order and in constant operation to prevent excessive or unusual noise[.]"
{¶ 15} When a statute's language is plain and unambiguous, this Court applies the statute as written and makes no further inquiry either into the legislative intent or the consequences of the trial court's construction. State v. Hurd (2000), 89 Ohio St.3d 616, 618.
{¶ 16} The trial court granted the motion to suppress, basing its decision on the testimony that Miller's vehicle did have a muffler, that the muffler was newer than the rest of the car and that it was in good working order. The plain language of Wooster Codified Ordinance 337.20 indicates that every vehicle shall have a muffler that prevents excessivenoise. A vehicle equipped with a working muffler could conceivably violate the statute by failing to prevent excessive noise. Thus, the trial court misinterpreted the law when it stated that a violation occurs when the vehicle does not have a muffler in good working order and in constant operation.
{¶ 17} The trial court based its determination that the officer lacked probable cause upon its interpretation of the ordinance. As this Court has determined that the trial court's interpretation was incorrect, we sustain the State's assignment of error to the extent that the trial court misinterpreted the law, and we remand the cause with instructions that the trial court re-examine the issue of probable cause.
 III.
{¶ 18} Having sustained the sole assignment of error to the extent that the trial court misinterpreted the law, we reverse the judgment of the Wayne County Common Pleas Court and remand for further proceedings consistent with this opinion.
SLABY, P.J. and BATCHELDER, J. concur.
[1] Miller was subsequently convicted of illegal manufacture of drugs and sentenced to a term of five years imprisonment. Miller appealed his conviction to this Court in Case No. 02CA0034, and this Court affirmed the judgment of the trial court. See State v. Miller, 9th Dist. No. 02CA0034, 2002-Ohio-7001.