[Cite as *S. Euclid v. Wood*, 2014-Ohio-937.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   100305

## CITY OF SOUTH EUCLID

PLAINTIFF-APPELLEE

vs.

## CHERISSE WOOD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
South Euclid Municipal Court
Case No. CRB-1200495

**BEFORE:**   E.A. Gallagher, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   March 13, 2014

**ATTORNEY FOR APPELLANT**

John Wood
281 Corning Drive
Bratenahl, OH   44108


**ATTORNEYS FOR APPELLEE**

Michael Shaughnessy
City Prosecutor
City of South Euclid
1349 South Green Rd.
South Euclid, OH   44121

Carmen P. Naso
Milton A. Kramer Clinic Center
Case Western Reserve University School of Law
11075 East Boulevard
Cleveland, OH   44106


**FOR APPELLEE**

Andrea Latessa
Tonise Webb
Legal Interns
Milton A. Kramer Clinic Center
Case Western Reserve University School of Law
11075 East Boulevard
Cleveland, OH   44106

EILEEN A. GALLAGHER, J.:

{¶1} Cherisse Wood appeals from her conviction for dogs running at large in violation of South Euclid Ordinances 505.01(c)(3). Finding no merit to the instant appeal, we affirm.

{¶2} On November 2, 2012, Wood opened the door to the home that she shared with her husband and their daughter and her husband's dog Luna escaped. Wood testified that her husband purchased the dog a year prior to their marriage and that he and the dog had been living in their shared residence for the entirety of the marriage. Wood claimed that she had no responsibility for the dog but, after telling her husband that the dog escaped, agreed to pursue the dog through the neighborhood.

{¶3} The dog ran inside the home of Jordan Windham, who contacted the police concerning the animal in his home. South Euclid police officers arrived and observed Mr. Windham outside with the dog running loose in the house. Officers opened the door but the dog ran past the officers and out into the street, resulting in a 20-minute chase before the dog's eventual capture.

{¶4} During the chase, Wood observed the dog and the police officers and told the officers that it was her dog they were chasing. The officers ran her license plate to acquire her address and continued to pursue the dog. The officers returned the dog to Wood, who informed them that the dog belonged to her husband. Wood was cited for animals running at large, in violation of South Euclid Ordinances 505.01(e).

**{¶5}** During her trial, Wood argued that she should not have been charged because she was not the dog's owner. Wood claimed that her husband was the owner of the dog, it was his responsibility to care for the dog and that she simply allowed the dog to reside in her home because that was her commitment to her husband.

**{¶6}** At the end of trial, the court ordered both parties to submit briefs on the issue of whether Wood was the owner, keeper or harborer of the dog in question. Both parties submitted briefs and, after reviewing the evidence, the court found Wood guilty of animals running at large in violation of South Euclid Municipal Code 505.01(c)(3). The court determined that the facts demonstrated beyond a reasonable doubt that Wood was at least the harborer of the dog.

**{¶7}** Wood now appeals. Initially, we note that Wood failed to set forth a separate assignment of error page and further, failed to specifically identify the errors assigned on appeal. Instead, Wood separates her appeal into two issues, which for purposes of this appeal, we shall treat as assigned errors. They are as follows:

> It was improper to prosecute Defendant under Section 505.01(c)(3) as "harborer" where the offense charged in the Complaint is under Section 505.01(e), a penalty provision, and the Complaint's narrative charged Defendant as "owner."

> It is improper to use an expansive civil definition of "harborer" where the relevant statutes require a restrictive definition in criminal cases strictly construed to favor the Defendant.

**{¶8}** In her first assigned error, Wood claims it was improper to prosecute her under Section 505.01(c)(3) as a "harborer," where the offense charged in the complaint is under Section 505.01(e), a penalty provision, and charged her as an "owner."

**{¶9}** Pursuant to Crim.R. 7(B), an error in the numerical designation or omission of the numerical designation shall not be grounds for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not prejudicially mislead the defendant.   In the present case, the charging instrument did not prejudicially mislead Wood because the instrument provided her with enough information to know that she was being charged under South Euclid Ordinances 505.01.   Furthermore, the record reflects that Wood knew she was being charged under South Euclid Ordinances 505.01(c)(3) because she admits as much in both her motion to dismiss for failure of speedy trial (filed Jan. 23, 2013)[1]  and her brief concerning right to trial by jury (filed Feb. 15, 2013).[2]

**{¶10}** South Euclid Ordinances 505.01(c)(3) states:

No owner, keeper, or harborer of any dog shall fail at any time to keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape or under the reasonable control of some person.

**{¶11}** Since by Wood's own admission, she knew she was being charged under South Euclid Ordinances 505.01(c)(3), she had adequate notice to prepare a defense to the charge under 505.01(c)(3) even though the citation only stated "owner" and cited to 505.01(e).   As such, we find no merit to Wood's argument.

---

[1] Wood states that "the language of her ticket is taken from Ord. 505.01(c)(3)."

[2]  Wood stated "Defendant was charged on November 2, 2012 by service of Ticket NT 11141 with a violation of Chapter 505.01, Section c."

{¶12} Wood's second assignment of error claims that it was improper to use an expansive definition of "harborer" where the relevant statutes required a restrictive definition in criminal cases strictly construed to favor the defendant.

{¶13} South Euclid Ordinances 505.01(c)(3) does not define "owner, keeper, or harborer." In these circumstances, courts are instructed by R.C. 1.42 that words and phrases are to be read in context and construed according to the rules of grammar and common usage. Additionally, R.C. 2901.04(A) dictates that sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused. Nonetheless, "the canon in favor of strict construction of criminal statutes is not an obstinate rule which overrides common sense and evident statutory purpose." *State v. Hurd*, 89 Ohio St.3d 616, 2000-Ohio-2, 734 N.E.2d 365.

{¶14} The evident statutory purpose of Section 505.01(c)(3) is to hold a person criminally liable for failing to physically confine a dog on their premises and preventing the dog from escaping. Wood admitted that the dog resided in her home and that the dog escaped when Wood opened the door to her house. Therefore, under the evident statutory purpose of 505.01(c)(3), Wood failed to prevent the dog from escaping.

{¶15} This court has defined a harborer as one who has possession and control of the premises where the dog lives, and silently acquiesces to the dog's presence. *Buettner v. Beasley*, 8th Dist. Cuyahoga No. 83271, 2004-Ohio-1909. Although this definition was provided in a civil case, other Ohio appellate courts have used this same

definition in criminal cases. *See State v. Smith*, 6th Dist. Huron Nos. H-08-006 and H-08-008, 2009-Ohio-6681 and *State v. Chambers*, 12th Dist. Butler No. CA2010-06-136, 2011-Ohio-1187. These cases have found that when determining whether a person is a harborer, the focus shifts to the possession and control of the premises where the dog lives. *See Chambers*. Wood referred to the house where the dog escaped as "my house." Wood also had the authority to permit and deny access to visitors. This demonstrated that Wood had both possession and control of the premises where the dog lived. Wood also allowed her husband to keep the dog in their home, which demonstrated a silent acquiescence to the dog's presence.

**{¶16}** As such, we find no merit to Wood's argument.

**{¶17}** Accordingly, Wood's first and second assignments of error are overruled.

**{¶18}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR