The STATE of Ohio, Appellee,

v.

ABI–AAZAR, Appellant.

[Cite as *State v. Abi–Aazar,* 149 Ohio App.3d 359, 2002-Ohio-5026.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21037.

Decided Sept. 25, 2002.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Kevin Mayer, Assistant Prosecuting Attorney, for appellee.

Scott Bratton, for appellant.

BAIRD, Judge.

{¶ 1} Appellant, Fransois Abi–Aazar, appeals from the judgment entry of the Summit County Court of Common Pleas that rescinded appellant's intervention in lieu of conviction, entered a guilty plea on a two-count indictment, and sentenced appellant accordingly. We affirm.

I

{¶ 2} On December 20, 2000, a Summit County grand jury named appellant, a national of Lebanon, in a two-count indictment, charging him with possession of between one and five grams of heroin, in violation of R.C. 2925.11(A), and illegal

use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). At a pretrial hearing on January 10, 2001, appellant moved for treatment in lieu of conviction pursuant to R.C. 2951.041. The trial court granted the motion on February 28, 2001, and appellant entered guilty pleas to the two charges as required by R.C. 2951.041, with the expectation of having all charges dismissed upon completion of the intervention. The trial court stayed all criminal proceedings per the statute and ordered appellant to a period of 18 months of rehabilitation under the control and supervision of the Adult Probation Department. During the rehabilitation period, appellant was to voluntarily enter an appropriate drug abuse facility, submit to regular urinalysis, abstain from all alcohol and illegal drugs, seek and maintain full-time employment, undergo psychotherapy, remain in the state, and pay his court costs within six months.

{¶ 3}  On April 30, 2001, the United States Department of Immigration and Naturalization Service ("INS") took appellant into custody pursuant to Section 1226, Title 8, U.S.Code, which allows deportation of any alien who has been convicted of a drug-related offense. Section 1101(a)(48)(A), Title 8, U.S.Code defines conviction for deportation purposes as "a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where (i) * * * the alien has entered a plea of guilty * * *, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." This differs from Ohio Crim.R. 32(C), which states, "[A] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * A judgment is effective only when entered on the journal by the clerk."

{¶ 4}  INS detained appellant and ordered him deported.[1]  Because appellant was under INS incarceration for almost a year, he was unable to comply with the intervention program. Consequently, on March 14, 2002, the trial court journalized an order that reinstated appellant's case, effective February 25, 2002. On March 14, 2002, the trial court rescinded the grant of intervention in lieu of conviction and sentenced appellant to 180 days on the charge of possession of paraphernalia, with 171 days suspended, credit for time served, and six months unsupervised probation. The trial court also placed appellant on six months of unsupervised probation for the heroin possession charge, but did not place that sentence in a journal entry. The trial court record shows that appellant's counsel protested the revocation of the intervention in lieu of conviction, stating that the

---

1.  Appellant appealed the deportation order to the Bureau of Immigration Appeals (the "BIA"), arguing that an exception exists to the INS definition of conviction for those convicted of a first-time drug offense where the alien receives treatment under a state rehabilitative statute. The BIA rejected the argument, and an appeal from the BIA decision is now pending in the United States Sixth Circuit Court of Appeals.

imposition of a sentence amounted to a deportation order.[2] A review of the record before us shows that appellant's counsel did not ask the court to withdraw appellant's guilty plea.[3]

{¶ 5} Initially, notice of this appeal was filed in the trial court on April 3, 2002. The state moved to dismiss due to the lack of a final order on the charge of heroin possession. By journal entry dated May 1, 2002, this court ordered that the appeal would proceed only as to the conviction for possession of paraphernalia.

{¶ 6} Appellant raises four assignments of error for review. Because they involve the same operative facts, we will join the first and third assignments of error for ease of discussion.

## II

### Assignment of Error No. 1

{¶ 7} "Appellant's plea should be vacated due to the trial court's failure to substantially comply with Ohio Revised Code Section 2943.031 prior to the entry of appellant's guilty plea."

### Assignment of Error No. 3

{¶ 8} "Appellant's guilty plea was unknowing and involuntary due to the erroneous statements made by the trial court regarding potential immigration consequences of the plea."

{¶ 9} Appellant argues that he was not properly advised of the immigration consequences of entering a guilty plea to a drug charge, and therefore his plea was not entered knowingly and voluntarily.

{¶ 10} R.C. 2943.031 states:

{¶ 11} "(A) * * * [P]rior to accepting a plea of guilty or a plea of no contest to an indictment * * * charging a felony * * *, the court shall address the defendant personally, provide the following advisement to the defendant that

---

2. Appellant also points out in his appellate brief that the termination of the rehabilitation program moots appellant's arguments for the appeal of his deportation which is before the United States Sixth Circuit Court of Appeals.

3. The third trial court transcript given to this court for review is dated March 11, 2002. At the end of the transcript the court states, "Let me go on and take care of the other case, and I will rehear you in a few minutes." If further proceedings were conducted, a record has not been provided to this court. An appellate court may review only the evidence which is before it. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus.

shall be entered in the record of the court, and determine that the defendant understands the advisement.

{¶ 12} " 'If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'

{¶ 13} "* * *

{¶ 14} "(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty * * * may result in his being subject to deportation * * *."[4]

{¶ 15} "Under the clear and unambiguous language of subsection (D) of the statute, a trial court *shall* set aside a conviction and allow the defendant to withdraw a guilty plea if four requirements are established: (1) the court failed to provide the advisement described in the statute, (2) the advisement was required to be given, (3) the defendant is not a citizen of the United States, and (4) the offense to which the defendant pled guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws." (Emphasis sic.) *State v. Weber* (1997), 125 Ohio App.3d 120, 126, 707 N.E.2d 1178.

{¶ 16} The failure to move the trial court to withdraw the guilty plea under R.C. 2943.031 acts as a waiver of rights "to assign any potential error which the trial court may have committed." *State v. Abuhilwa* (Mar. 29, 1995), 9th Dist. No. 16787, at 13, 1995 WL 134746.

{¶ 17} Because appellant is not a United States citizen, R.C. 2943.031 placed certain obligations upon the trial court to address him and ensure that he was aware of the deportation consequences of a guilty plea. · R.C. 2943.031(D) mandates that upon motion from a defendant, a trial court shall allow a withdrawal of a guilty plea if the advisement is not given and the defendant is subject to deportation as a result of the guilty plea.

---

4. We note that Page's Ohio Revised Code Annotated contains a typographical error in R.C. 2943.031(D), indicating that a defendant may withdraw his plea of guilty or no contest and enter a plea of only "not guilty by reason of insanity." However, the true text of the statute provides that the defendant may enter a plea of "not guilty" as well. 143 Ohio Laws, Part I, 532; see, also, *Lakewood v. Shurney*, 8th Dist. No. 80885, 2002-Ohio-4789, ¶ 7, fn. 3, 2002 WL 31031669.

{¶ 18} The trial court record shows that the court made the following advisement:

{¶ 19} "I want to tell you something, sir. That I don't know whether your lawyer may or may not have told you, but you – you know, you sort of give a dilemma to this Court, because you understand that if you are convicted of this crime – any felony, for that matter – you would be subject to being deported. * * * I guess you know that. * * * Do you understand if you plead – if you plead guilty and be sentenced, then you could be subject to, if you are not a citizen of the United States – and I guess you are not – that you should be advised that a conviction of the offense to which you are pleading guilty to may have consequences of deportation, exclusion from admission into the United States, denial of naturalization. So, in other words, to put it a different way, by pleading guilty you could subject yourself to be removed from this country, go back to your country of origin. Is that clear? * * * Now, as to what's going to happen, I am sure [counsel] explained to you, you plead guilty, you are not going to be sentenced today, subject to your ability to finish the program for the intervention in lieu of conviction. * * * I am doing it because I – so I won't be responsible for setting him out of this country."

{¶ 20} Appellant entered a guilty plea, and the trial court reviewed the charged offenses and the constitutional rights appellant was surrendering upon the acceptance of the plea. The trial court then again asked appellant, "Am I clear that—what I said about being subject to deportation by pleading guilty? * * * Is that clear?" Appellant responded affirmatively to both questions.

{¶ 21} Appellant argues that the advisement as given by the trial court did not substantially comply with the advisement required by R.C. 2943.031. Appellant asserts that because the advisement was not adequate, and all parties, including the trial court, were mistaken as to the deportation possibilities, appellant did not enter the guilty plea knowingly and voluntarily.

{¶ 22} The record, however, shows that appellant did not move the court to withdraw his guilty plea. Indeed, that failure is one basis of appellant's argument of ineffective assistance of counsel in his second assignment of error. Because appellant has failed to move to withdraw the guilty plea pursuant to R.C. 2943.031(D), appellant, for purposes of this appeal, has waived his right to assign any error that the trial court may have committed. Appellant's first and third assignments of error are overruled.

## III

### Assignment of Error No. 2

{¶ 23} "Counsel was ineffective during the plea proceedings and at sentencing for allowing appellant to enter a guilty plea to the charges contained

in the indictment and failing to move to withdraw appellant's plea prior to the trial court's imposition of a sentence after it became apparent that appellant would be deported as a result of the guilty plea."

{¶ 24} Appellant argues that trial counsel did not fully investigate the consequences of entering a guilty plea and did not move for a plea withdrawal, and therefore trial counsel's representation was ineffective and fell below an objective standard of reasonableness. We disagree.

{¶ 25} In order to show ineffective assistance of counsel, it must be shown that (1) council's performance was deficient to the point that representation was not adequate to meet Sixth Amendment guarantees and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674. An appellate court may analyze the prejudice prong of the Strickland test alone if that analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. *State v. Loza* (1994), 71 Ohio St.3d 61, 83, 641 N.E.2d 1082. Accordingly, we will begin our analysis with a discussion of the prejudice prong of *Strickland.*

{¶ 26} Appellant states that his counsel advised and permitted him to enter a guilty plea in exchange for treatment in lieu of conviction under the erroneous belief that to do so would forestall any deportation proceedings. Appellant states that a review of the record indicates that all parties, including the trial court, believed that because a conviction was not entered pursuant to Ohio law, likewise there would be no conviction for immigration purposes. Appellant points out that when it became apparent that deportation was likely, his trial counsel should have moved the court to withdraw the guilty plea. Finally, appellant states that, most likely, had the trial counsel moved for a plea withdrawal, the motion would have been granted.

{¶ 27} Appellant can remove this claim from the realm of supposition by exercising the remedy provided by the statute. R.C. 2943.031(D) grants postconviction relief by allowing a defendant to petition the court to withdraw a guilty plea. Once the motion is filed, the defendant is given an opportunity in a hearing to prove that (1) the trial court did not give the advisement described in R.C. 2943.031(A), (2) the advisement was required to be given, (3) the defendant is not a citizen of the United States, and (4) the offense to which the defendant pleaded guilty may result in deportation, exclusion, or denial of naturalization under immigration laws. If the defendant prevails upon the motion, the statute

requires the court to allow the withdrawal of the guilty plea. The statute contains no language imposing a time limit on the filing of a motion to withdraw.

{¶ 28} Because appellant has not availed himself of this remedy and given the trial court the opportunity to allow him to withdraw his plea, and he may yet do so, appellant cannot show prejudice. Therefore, appellant's second assignment of error is overruled.

## IV

### Assignment of Error No. 4

{¶ 29} "The trial court abused its discretion by terminating appellant's intervention in lieu of conviction program."

{¶ 30} Appellant argues that it was error for the court to cancel the intervention program because appellant may have been able to complete it at some point after posting bond and being released from INS detention. Appellant also finds error in the cancellation because he was incarcerated and therefore not at fault for not completing the intervention, and he complied to the extent that he was able. Appellant asks us to review the cancellation on an abuse-of-discretion standard.

{¶ 31} Treatment in lieu of conviction is a procedure governed by R.C. 2951.041. "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." *State v. Shoaf* (2000), 140 Ohio App.3d 75, 77, 746 N.E.2d 674. The granting of a motion for treatment in lieu of conviction lies in the trial court's sound discretion. *State v. Gadd* (1990), 66 Ohio App.3d 278, 279–280, 584 N.E.2d 1.

{¶ 32} R.C. 2951.041(F) states, "If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan. If the court determines that the offender has failed to comply with any of those terms and conditions, it shall enter a finding of guilty and shall impose an appropriate sanction under Chapter 2929. of the Revised Code."

{¶ 33} When a statute's language is plain and unambiguous, this court applies the statute as written and makes no further inquiry either into the legislative intent or the consequences of the trial court's construction. *State v. Hurd* (2000), 89 Ohio St.3d 616, 618, 734 N.E.2d 365. The words and phrases in a statute are

to be given their plain, ordinary meaning and are to be construed "according to the rules of grammar and common usage." *Petro v. N. Coast Villas Ltd.* (2000), 136 Ohio App.3d 93, 97, 735 N.E.2d 985.

{¶ 34} A trial court must impose sentence when a defendant has failed to complete intervention in lieu of conviction under R.C. 2951.041. *State v. Taylor* (Mar. 14, 2000), 10th Dist. No. 99AP–533, 2000 WL 271752.

{¶ 35} In this case, the trial court initially exercised its discretion in granting intervention in lieu of conviction. Had that initial grant been appealed, this court would have reviewed the trial court's action under an abuse-of-discretion standard. However, we are reviewing the court's application of the statute in canceling the intervention program and so must look to the terms of the statute to ascertain if the trial court acted properly.

{¶ 36} We find the language of R.C. 2951.041(F) to be clear and unambiguous. In this case, the court issued a capias for appellant upon notification that he had not complied with the terms of the intervention program. A statutorily mandated hearing was conducted, during which it was determined that appellant had indeed not complied with all the terms and conditions of the intervention program. Therefore, the statute required the court to enter a finding of guilty and impose an appropriate sanction. The statute does not require a finding of fault or a determination that a defendant can comply in the future.

{¶ 37} Since the trial court followed the clear and unambiguous dictates of R.C. 2951.041(F), we find no error. Appellant's fourth assignment of error is overruled.

V

{¶ 38} Having overruled appellant's four assignments of error, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

SLABY, P.J., and WHITMORE, J., concur.