[Cite as *State v. Rai*, 2017-Ohio-8655.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

    v.

SUK B. RAI

    Appellant

C.A. No.    28643

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2015 CRB 0760

DECISION AND JOURNAL ENTRY

Dated: November 22, 2017

CALLAHAN, Judge

{¶1}    Appellant, Suk Rai, appeals the Stow Municipal Court's order denying his motion to withdraw plea. For the reasons set forth below, this Court reverses.

I.

{¶2}    Mr. Rai asserts that he came to the United States from Bhutan in 2010 and held the status of permanent resident at the time of his arrest for domestic violence in March 2015. According to the record, Mr. Rai was arrested for domestic violence against his wife for an incident that occurred on March 12, 2015. Mr. Rai does not speak English; rather, he speaks Nepalese. His initial appearance before the court took place on March 16, 2015, and he was held without bond. A Nepalese interpreter was present in court on March 17, 2015. On that day, Mr. Rai signed an "Acknowledgment and Waiver of Rights" in which he waived his right to counsel and acknowledged the possible consequences of his guilty plea because of his non-citizenship. Mr. Rai then pleaded guilty to the domestic violence charge.

{¶3} On February 28, 2017, Mr. Rai filed a motion to withdraw his guilty plea under R.C. 2943.031, Crim.R. 32.1, and the Sixth Amendment and requested an "emergency" hearing because "deportation [was] imminent." The gist of Mr. Rai's motion was that the translator was not effective and he, therefore, did not understand the nature of the proceedings and the consequences of his guilty plea. Among other things, Mr. Rai asserted that, had he known at the time of his plea that he was subject to removal from the United States, he never would have entered his plea. Mr. Rai submitted his own affidavit, as well as affidavits from his wife and daughter with his motion.

{¶4} The trial court denied the motion without a hearing, stating it "specifically informed the defendant that he had the right to an attorney and that one would be appointed to represent him if he could not afford one" and "specifically informed the defendant of the ramifications of the conviction as he was not a citizen." The trial court relied on the "Acknowledgement and Waiver of Rights" form that had been signed by Mr. Rai. In denying Mr. Rai's motion, the trial court concluded that Mr. Rai had presented a "distorted view" of what had occurred in court and that Mr. Rai understood and waived his rights.

{¶5} Mr. Rai now appeals, raising five assignments of error for this Court's review. This Court addresses the third assignment of error first, as it is dispositive of the appeal.

## II.

### Assignment of Error Number Three

THE COURT ERRED BY NOT ENSURING THAT A COMPETENT INTERPRETER WAS PRESENT AND, THEREFORE, DID NOT COMPLY WITH [R.C.] 2943.031.

{¶6} Mr. Rai argues the trial court erred in denying his motion to withdraw his guilty plea in that it failed to determine that he understood the potential immigration consequences of

his guilty plea. Mr. Rai contends the consequences were "never stated to him verbatim in his mother tongue."

{¶7} Pursuant to R.C. 2943.031(A), except for certain minor misdemeanors,

> prior to accepting a plea of guilty * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

> "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

If a court fails to provide the advisement, a defendant may move to withdraw his plea and "the court shall set aside the judgment" if the defendant shows that he is a non-citizen and the conviction "may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." R.C. 2943.031(D).

{¶8} The Ohio Supreme Court has found that a trial court accepting a guilty plea from a non-citizen "must give verbatim the warning set forth in R.C. 2943.031(A)." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, paragraph one of the syllabus. Nonetheless, the trial court's failure to use the verbatim language of the statute does not automatically entitle a defendant to withdraw his plea. *Id.* at ¶ 44-48. Rather, so long as "some warning of immigration-related consequences was given," a court considering a motion to withdraw the plea under R.C. 2943.031(D) has "discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." *Id.* at paragraph two of the syllabus.

{¶9} "While the standard of review for a post-sentence motion under Crim.R. 32.1 is subject to the manifest injustice standard, this standard does not apply to plea withdrawal

motions filed pursuant to R.C. 2943.031(D)." *State v. Aquino,* 8th Dist. Cuyahoga No. 99971, 2014-Ohio-118, ¶ 13, citing *Francis* at ¶ 26.

> This is because "[t]he General Assembly has apparently determined that due to the serious consequences of a criminal conviction on a noncitizen's status in this country, a trial court should give the R.C. 2943.031(A) warning, and that failure to do so should not be subject to the manifest-injustice standard even if sentencing has already occurred."

*Mayfield Hts. v. Grigoryan,* 8th Dist. Cuyahoga No. 101498, 2015-Ohio-607, ¶ 14, quoting *Francis* at ¶ 26. Therefore, R.C. 2943.031(D)'s criteria substitute for the manifest injustice standard when the section applies. *Francis* at ¶ 26. "[T]he four specifically mentioned statutory criteria [are]: (1) the court failed to provide the warning, (2) the warning was required, (3) the defendant is not a United States citizen, and (4) the conviction 'may result' in deportation, exclusion, or denial of naturalization." *Id.* at ¶ 37.

{¶10} The trial court did not explicitly examine each of these statutory criteria when denying Mr. Rai's motion to withdraw his plea. The court did, however, state that it "specifically informed the defendant of the ramifications of the conviction as he was not a citizen." The trial court further stated that the digitally recorded proceeding had been deleted, according to court policy.

{¶11} Ordinarily, App.R. 9(B)(1) places the burden on an appellant to ensure that the necessary proceedings are transcribed and made part of the record on appeal. App.R. 9(C) provides a mechanism by which an appellant can provide the record when, as here, a recording was made but is no longer available. Here, Mr. Rai did not comply with App.R. 9(C). Generally, "[i]n the absence of a complete record, this Court is obligated to presume regularity in the proceedings below." *King v. Carleton*, 9th Dist. Lorain No. 13CA010374, 2013-Ohio-5781, ¶ 30.

{¶12} However, R.C. 2943.031(E) provides that, "[i]n the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement." The trial court did not acknowledge this presumption in its decision.

{¶13} Instead, it relied on the written "Acknowledgement and Waiver of Rights" and the fact that the initials "SR" were next to the section that advised non-citizens of the consequences of a guilty or no contest plea in finding that it "specifically informed" Mr. Rai of the ramifications of his guilty plea. However, the written form alone is not sufficient to rebut the presumption. *See State v. Velazquez,* 12th Dist. Butler No. CA2015-05-091, 2016-Ohio-875, ¶ 17 (holding "[t]he typewritten advisement form does not constitute a 'record' sufficient to rebut this presumption"); *Grigoryan,* 2015-Ohio-607, ¶ 4, 19-21, 40 (a signed statement of rights form in both defendant's native language and English was not sufficient to rebut the presumption). The State did not oppose Mr. Rai's motion or attempt to enter any evidence to defeat this presumption at the trial court level, nor has the State filed a brief on appeal.

{¶14} "As the record stands, it is impossible for [this Court] to determine what advisement, if any, was administered prior to the municipal court's acceptance of [Mr. Rai's] guilty plea" and whether the advisement the court allegedly gave Mr. Rai substantially complied with R.C. 2943.031(A). *See Velazquez* at ¶ 17; *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, at ¶ 48. Further, in the absence of a complete record, it is impossible for this Court to determine what role the court-appointed interpreter played during the proceedings.

{¶15} Accordingly, Mr. Rai's third assignment of error is sustained.

**Assignment of Error Number One**

[THE] TRIAL COURT ERRED BY NOT ENSURING THAT HIS PLEA WAS VOLUNTARY, INTELLIGENT[,] AND KNOWINGLY. APPELLANT'S

EDUCATION AND [THE] TRANSLATOR'S INABILITY IS INSUFFICIENT AS A MATTER OF LAW TO PROVIDE APPELLANT WITH [THE] KNOWLEDGE NECESSARY TO WAIVE HIS RIGHT TO COUNSEL AND TO ENTER A GUILTY PLEA.

**Assignment of Error Number Two**

THE TRIAL COURT ERRED BY NOT ENSURING THAT A COMPETENT INTERPRETER WAS PRESENT AND VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT TO COUNSEL. THE COURT'S FINDING THAT APPELLANT UNDERSTOOD THE PROCEEDINGS WAS CLEARLY ERRONEOUS[.]

**Assignment of Error Number Four**

THE COURT ERRED BY NOT COMPLYING WITH OHIO CRIMINAL RULE 32.1.

**Assignment of Error Number Five**

THE TRIAL COURT ERRED BY ALLOWING [THE] INTERPRETER TO PROVIDE LEGAL ADVICE WHICH APPELLANT RELIED ON. APPELLANT'S ASSISTANCE FROM [THE] TRANSLATOR AS DE FACTO COUNSEL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AND A VIOLATION OF APPELLANT'S SIXTH AMEN[DMEN]T RIGHT. (Emphasis deleted.)

**{¶16}** In light of this Court's resolution of Mr. Rai's third assignment of error, this Court declines to consider his remaining assignments of error. *See* App.R. 12(A)(1)(c).

III.

**{¶17}** Mr. Rai's third assignment of error is sustained. His first, second, fourth, and fifth assignments of error are moot. The judgment of the Stow Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

> Judgment reversed
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JASON LORENZON, Attorney at Law, for Appellant.

GREGORY M. WARD, Attorney at Law, for Appellee.