[Cite as *State v. Valois-Perez*, 2020-Ohio-3755.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

      Appellee

v.

Mauricio Edmundo Valois-Perez

      Appellant

Court of Appeals Nos. S-19-005
S-19-023

Trial Court No. 16CR1267

**DECISION AND JUDGMENT**

Decided: July 17, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This consolidated appeal is before the court following the judgment of the Sandusky County Court of Common Pleas denying appellant Mauricio Valois-Perez's motion to withdraw his post-sentence guilty plea. Because we find no prejudicial error, we affirm.

{¶ 2} On December 12, 2016, appellant was indicted for the December 11, 2016 murder of his wife.  Pursuant to a negotiated plea, appellant entered a guilty plea to murder with a firearm specification.  The July 25, 2017 plea form signed by appellant provides in relevant part:

> My attorney and the judge have advised me and I understand that:
>
> * * *
>
> I am/am not a United States citizen.  If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

A check mark was placed in front of the paragraph and the "am not" was underlined.

{¶ 3} On July 25, 2017, appellant was sentenced to a mandatory sentence of 18 years.  A nunc pro tunc entry was journalized on September 19, 2017, adding the language "to life" to appellant's 18-year sentence.  No direct appeal was taken.

{¶ 4} On November 19, 2018, appellant, pro se, filed a motion to withdraw his plea pursuant to Crim.R. 32.1.  Appellant argued that his trial counsel was ineffective because he failed to advise him on the lesser-included offense of voluntary manslaughter and that there was enough evidence in the case to demonstrate serious provocation by the victim.  In appellant's attached affidavit he stated:

2.

6. All these consistent accusations on the night of the incident caused me to relive her infidelity and the rumors going around that our second child might not be my child.

7. The night of the incident she did admit her sexual infidelity but she claimed that she had been forced and that she didn't want to. This made me so mad I called her a "f***ing whore." Her admission made me believe that perhaps our second child might not be mine after all.

{¶ 5} The state countered that the incident was not one where the victim was the aggressor; that during the course of the evening the victim, suspecting appellant's infidelity, kept texting him to see when he was coming home. According to the state, once home appellant, in an attempt to deflect the accusations, brought up the victim's alleged affair from the prior year. The victim admitted she cheated on appellant but stated that she was raped. This led to appellant shooting the victim.

{¶ 6} On December 17, 2018, the trial court, without conducting an evidentiary hearing, concluded that no manifest injustice occurred which would support granting appellant's motion. The court noted that appellant's argument failed to acknowledge that in addition to the possibility of a voluntary manslaughter conviction, appellant could have been convicted of murder without the possibility of parole.

{¶ 7} Appellant then commenced this pro se appeal. Thereafter, appellant's motion for a delayed appeal was granted and a second appeal commenced raising issues relating to the immigration warnings contained in R.C. 2943.031. The appeals were

3.

consolidated and appellant, now represented by counsel, raises the following assignments of error:

Assignment of Error One: The trial court violated Mr. Perez's substantive right to receive statutory immigration warnings at his plea hearing, rendering his guilty plea unknowing, involuntary, and unintelligent.

Assignment of Error Two: The trial court abused its discretion in denying Mr. Perez's motion to withdraw his guilty plea based on ineffective assistance of counsel without an evidentiary hearing.

{¶ 8} In appellant's first assignment of error, which was the subject of his motion for a delayed appeal, appellant argues that prior to accepting his guilty plea the trial court failed to give the statutorily mandated immigration warnings in R.C. 2943.031. Complicating our review of this matter is the fact that no transcripts of the relevant proceedings exist; the parties submitted a joint statement to that effect under App.R. 9(D).

{¶ 9} R.C. 2943.031 relevantly provides:

(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony * * * the court shall address the defendant personally, provide the following advisement to the defendant

4.

that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

* * *

(B) The court is not required to give the advisement described in division (A) of this section if either of the following applies:

(1) The defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers that question in the affirmative;

(2) The defendant states orally on the record that he is a citizen of the United States.

* * *

(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the

advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(E) In the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement.

{¶ 10} Appellant contends that our review of the alleged error is for substantial compliance with the statute under Crim.R. 11. Conversely, the state asserts that the issue was waived because it was not argued as a basis to withdraw his plea under either Crim.R. 32.1 or R.C. 2943.031. We note that "a motion under R.C. 2943.031(D) 'and an appeal from the denial of that motion provide the exclusive remedies' for a trial court's alleged failure to comply with R.C. 2943.031(A)." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 35, quoting *State ex rel. White v. Suster*, 101 Ohio St.3d 212, 2004-Ohio-719, 803 N.E.2d 813, ¶ 7. *See State v. Bulgakov*, 6th Dist. Wood No. WD-03-096, 2005-Ohio-1675, ¶ 17, quoting *State v. Garmendia*, 2d Dist. Montgomery No. 2002-CA-18, 2003-Ohio-3769, ¶ 2.

{¶ 11} Because this argument is first raised in this direct appeal and not by a motion under R.C. 2943.031(D), we will review it for compliance with Crim.R. 11.

6.

Crim.R. 11(C)(2)(a)-(c) sets forth that the acceptance of a plea in a felony case requires the trial court to determine that the defendant is making the plea voluntarily, understands the nature of the charges, the maximum penalties, understands the effect of the plea, and understands all of the constitutional implications of the plea.

{¶ 12} Appellant does agree that the immigration warnings in R.C. 2943.031(A) are nonconstitutional and, thus, the trial court was required to substantially comply with the statute. It is well-established that substantial compliance is the threshold of sufficiency with respect to the nonconstitutional requirements set forth in Crim.R. 11(C)(2)(a) and (b). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. The test for substantial compliance is whether, "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waving * * *. To demonstrate prejudice in this context, the defendant must show that the plea would not have otherwise been entered." *Id.* at ¶ 14-15.

{¶ 13} Where a trial court does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the court partially complied the plea may be vacated only if the defendant demonstrates a prejudicial effect. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 45, 893 N.E.2d 462, ¶ 32, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "If the trial judge completely failed to comply with the rule, * * * the plea must be vacated." *Id.*, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph two of the

7.

syllabus. "A complete failure to comply with the rule does not implicate an analysis of prejudice." *Id.*, citing *Sarkozy* at ¶ 22.

{¶ 14} Appellant initially contends that prejudice in this case has been demonstrated because he filed a motion to withdraw his plea thus evidencing the fact that he would not have entered the plea had he been informed of the effect on his immigration status. We disagree. The stated reason for the motion to withdraw, which will be discussed below, was the alleged ineffective assistance of trial counsel in failing to advise appellant of the potential availability of the lesser included offense of voluntary manslaughter.

{¶ 15} Appellant further argues that he is entitled to the presumption of prejudice under R.C. 2943.031(E), because the court failed to maintain a transcript of the proceedings. In support, appellant relies on *State v. Rai*, 9th Dist. Summit No. 28643, 2017-Ohio-8655, where the court concluded that the written advisement of rights form alone, which included the advisement of the possible ramifications of a plea of a non-citizen, is not sufficient to rebut the presumption. *Id.* at ¶ 13, citing *State v. Velazquez*, 12th Dist. Butler No. CA2015-05-091, 2016-Ohio-875, ¶ 17; *Mayfield Hts. v. Grigoryan*, 2015-Ohio-607, 27 N.E.3d 578, ¶ 4 (8th Dist.). The *Rai* court further noted that the state neither opposed Rai's motion nor attempted to enter any evidence to defeat this presumption at the trial court level; the state also failed to file a brief on appeal. *Id.*

{¶ 16} However here, unlike the above relied-upon cases, because appellant failed to file a motion under R.C. 2943.031(D) in the trial court, he is not entitled to the

8.

presumption of prejudice under R.C. 2943.031(E). Again, our review is limited to a Crim.R. 11 substantial compliance analysis. *See State v. Francis*, *supra; State v. Akatova*, 8th Dist. Cuyahoga No. 80566, 2003-Ohio-279, ¶ 27; *State v. Abi-Aazar*, 149 Ohio App.3d 359, 2002-Ohio-5026, 777 N.E.2d 327 (3d Dist.), ¶ 22; *State v. Rodriguez*, 2d Dist. Clark No. 01CA0062, 2002-Ohio-5489, ¶ 5.

{¶ 17} In the present case, we find that there was not a complete failure to comply with R.C. 2943.031. The written and signed plea form recites the language of R.C. 2943.031(A) and indicates that appellant was advised thereof by his attorney and the judge. We further find that appellant has failed to demonstrate a prejudicial effect stemming from any failure to substantially comply with R.C. 2943.031. Appellant's first assignment of error is not well-taken.

{¶ 18} In appellant's second assignment of error he contends that the trial court erred when it summarily denied his Crim.R. 32.1 post-sentence motion to withdraw his guilty plea based upon ineffective assistance of counsel. Crim.R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The distinction between a presentence and post-sentence motion to withdraw a plea is significant, as different standards apply as to both ruling on the motion and whether or not a hearing is required on the motion. A presentence motion to withdraw a plea is to be liberally granted, and requires a hearing on the matter to determine "'whether there is a

9.

reasonable and legitimate basis for the withdrawal of the plea.'" *State v. Matthews*, 6th Dist. Wood No. WD-10-025, 2011-Ohio-1265, ¶ 19, quoting *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. However, a post-sentence motion to withdraw a guilty plea is subject to a much higher burden; the plea will only be set aside to prevent a manifest injustice. Crim.R. 32.1. Further, a post-sentence motion only requires a hearing if the defendant alleges facts that, if taken as true, would require the court to permit withdrawal of the plea. *Matthews* at ¶ 30.

{¶ 19} Appellant's motion to withdraw his plea alleges that trial counsel failed to advise him on the availability of the lesser-included offense of voluntary manslaughter. In his November 19, 2018 motion appellant states "counsel's performance was deficient because he failed to advice [sic] him of possible strategies if he desired to go to trial, specifically a jury instruction on the lesser-included offense of Voluntary Manslaughter." We note that voluntary manslaughter is not a lesser-included offense of murder; rather, it is an inferior offense which the court may instruct the jury on after a showing of sufficient provocation. *See State v. Shane*, 62 Ohio St.3d 630, 590 N.E.2d 272 (1992).

{¶ 20} In examining whether a voluntary manslaughter instruction should have been given, we apply the same test utilized when determining whether an instruction on a lesser-included offense should have been given. *Id.* at 632. An instruction on voluntary manslaughter is appropriate when "the evidence presented at trial would reasonably support both an acquittal on the charged crime of murder and a conviction for voluntary manslaughter." *Id.*

10.

{¶ 21} Assuming that the issue is properly raised in a Crim.R. 32.1 post-sentence motion, we cannot say that the trial court abused its discretion when it denied appellant's motion without first conducting a hearing. The materials attached to appellant's motion clearly indicate that appellant's explanation of the shooting was that it was accidental. Appellant told police:

> Mauricio reported that he thought that he had taken all of the rounds out but one was left. Mauricio explained that he put the magazine into the pistol and started racking the slide to eject the rounds. Mauricio reported that he thought that he had taken all the rounds out but one was left. * * * Mauricio reported that Gabriella was provoking him but he didn't want that because she was the mother of his three children. Mauricio reported that he counted the bullets when he ejected them and thought that the gun was empty. Mauricio reported that he decided to "play with" Gabriella. Mauricio reported that when he was taking the bullets out Gabriella was downstairs in the living room. Mauricio reported that after the gun went off he just dropped the gun, then called Gabriella's father and requested that he come and get the children because he was going to kill himself with it.

{¶ 22} Accepting appellant's account of the incident as true, it does not meet the elements of voluntary manslaughter which requires that the state prove that a defendant caused the death of another while under the influence of sudden passion or rage brought on by serious provocation. R.C. 2903.03(A). Thus, the instruction was neither warranted

nor was counsel ineffective by failing to advise appellant on its availability.  Further, the trial court did not err in denying the motion without first conducting a hearing. Appellant's second assignment of error is not well-taken.

{¶ 23} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgments of the Sandusky County Court of Common Pleas are affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          

Arlene Singer, J.          

Thomas J. Osowik, J.          
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.